IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MATTHEW J. CURTIS | § | CIVIL ACTION NO.: _____ |
| | § | |
| VS. | § | RULE 9(h) ADMIRALTY |
| | § | |
| THE UNITED STATES OF AMERICA | § | |
| and OCEAN SHIPHOLDINGS, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MATTHEW J. CURTIS, hereinafter referred to as Plaintiff, complaining of Defendants, THE UNITED STATES OF AMERICA and OCEAN SHIPHOLDINGS, INC., and would respectfully show as follows:

I.
JURISDICTION AND VENUE

1. This is an action within the maritime jurisdiction of this Court.

2. This action is maintained under the Suits in Admiralty Act, 46 U.S.C. §§ 30901 et seq., and the Public Vessels Act, 46 U.S.C. §§ 31101 et seq. This action is also maintained under the Jones Act, 46 U.S.C. §§ 30104, et seq., as well as the General Maritime Law of the United States of America.

3. Plaintiff is an American citizen, and as an American seaman, he brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security therefor.

4. Venue is proper in the United States District Court for the Southern District of Texas under the Public Vessels Act pursuant to 46 U.S. Code §31104. The Plaintiff does not reside in the

1

United States and the vessel in question is located outside the territorial waters of the United States.

5. In addition, venue is proper in the Southern District of Texas because Defendant, OCEAN SHIPHOLDINGS, INC., is domiciled in this District.

## II.
## PARTIES

6. Plaintiff, MATTHEW J. CURTIS, is an American citizen, and he currently resides in Vietnam.

7. Defendant, THE UNITED STATES OF AMERICA, for all purposes herein, may be served with process herein by serving the following governmental offices: Mark H. Buzby, Maritime Administrator, U.S. Department of Transportation, Maritime Administration, 1200 New Jersey Ave., SE, Washington, DC 20590; Elaine L. Chao, Secretary of Transportation, U. S. Department of Transportation, 1200 New Jersey Avenue, SE, Washington, DC 20590; William P. Barr, Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and Ryan K. Patrick, United States Attorney for the Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

8. Defendant, OCEAN SHIPHOLDINGS, INC., is a foreign corporation doing business in this District. This Defendant may be served with due process by serving its registered agent for the State of Texas, Linda G. Jester, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

## III.
## CLAIM NOTICE

9. A Notice of Claim was submitted on Plaintiff's behalf and forwarded to the United States of America on January 7, 2020. It was delivered to, and received by, the United

States Department of Transportation, Maritime Administration, Chief, Division of Marine Insurance on January 27, 2020 via registered mail. It was also delivered to, and received by, the United States Military Sealift Command, Office of Counsel, on January 21, 2020 via registered mail. The Department of the Navy, Office of the Judge Advocate General, acknowledged receipt of Plaintiff's Notice of Claim in written correspondence dated February 12, 2020.

10. By written correspondence dated February 12, 2020, the Department of the United States Navy, Office of the Judge Advocate General, stated that the Plaintiff's Notice of Claim has been referred to the operator of the USNS HENSON for adjudication as an insurance matter.

11. Moreover, because over sixty (60) days have passed since the Plaintiff's Notice of Claim was received and the United States Department of Transportation, Maritime Administration, has not issued written notice of allowance or disallowance of the claim, this claim is presumed to have been "administratively disallowed" pursuant to 46 U.S.C. § 327.7.

## IV.
## FACTS

12. MATTHEW J. CURTIS would show that this lawsuit has become necessary as a result of personal injuries received on or about February 10-12, 2019. At all material times, Plaintiff was employed by Defendant, OCEAN SHIPHOLDINGS, INC., as a general vessel assistant and crewmember of the USNS HENSON. At all material times, the USNS HENSON was owned by Defendant, THE UNITED STATES OF AMERICA, and operated by Defendant, OCEAN SHIPHOLDINGS, INC. At all material times, the USNS HENSON was operating in navigable waters near Manila, Philippines.

13. On or about February 10, 2019 through February 12, 2019, Plaintiff sustained serious injuries to his back and other parts of his body due to the negligence of Defendants, THE UNITED

STATES OF AMERICA and OCEAN SHIPHOLDINGS, INC.

14. Due to crewing issues aboard the USNS HENSON, Plaintiff was initially assigned to work as a dishwasher and then moved to the steward department. At the time of the occurrence in question, Plaintiff was ordered to clean out the dry storeroom aboard the vessel. Beginning on or about February 10, 2019, Plaintiff had to clean out the dry storeroom for approximately two to three days. This task is not typically performed while the vessel is underway.

15. To clean out the dry storeroom, Plaintiff had to manually lift metal deck plates, which were wedged in the floor of the storeroom, and he had to lift and carry heavy boxes of dry stores in order to sweep and clean the floor underneath. Plaintiff had to manually lift and carry these items, without adequate assistance, on a repetitive basis and from an awkward body position. Plaintiff reported his injury and sought medical attention. The attending physician deemed Plaintiff unfit for duty, and he was subsequently discharged from the vessel on or about February 13, 2019.

16. As a result of the occurrence, Plaintiff sustained severe and debilitating injuries to his back and he also suffered mental anguish and emotional distress.

V.
CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT, THE UNITED STATES OF AMERICA

17. This cause of action is asserted against Defendant, THE UNITED STATES OF AMERICA, and is maintained under the Suits in Admiralty Act, 46 U.S.C. §§ 30901 et seq., and the Public Vessels Act, 46 U.S.C. §§ 31101 et seq.

18. On or about February 10-12, 2019, Defendant, THE UNITED STATES OF AMERICA, was negligent, and said negligence was a proximate cause of Plaintiff's injuries. Plaintiff contends that on the occasion in question, Defendant, acting through its officers, agents,

servants and/or employees, was negligent and its vessel, the USNS HENSON, was unseaworthy in the following respects:

    a. Defendant failed to provide a safe place to work;
    b. The vessel was short-staffed and lacked adequate crewmembers to perform the tasks at hand;
    c. Defendant should not have ordered the dry storeroom to be cleaned out while the vessel was underway;
    d. Defendant failed to provide adequate assistance to the Plaintiff;
    e. Defendant failed to inspect and maintain the dry storeroom in a safe and uncluttered condition;
    f. Defendant failed to inspect and adequately maintain the deck plates on the floor of the dry storeroom in safe condition;
    g. Defendant lacked safe policies and practices for the tasks at hand;
    h. Defendant failed to plan and execute a proper and safe procedure to perform the task at hand;
    i. Defendant and/or its agents failed to properly supervise the operations at hand;
    j. Defendant failed to provide the proper equipment and tools for the tasks at hand; and,
    k. Other acts of negligence as proven at time of trial.

19. On said date as a result of said occurrence, Plaintiff sustained severe and painful injuries. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the USNS HENSON, its crews and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

VI.
CAUSE OF ACTION FOR UNSEAWORTHINESS AGAINST DEFENDANT, THE UNITED STATES OF AMERICA

20. This cause of action is asserted against Defendant, THE UNITED STATES OF AMERICA.

21. At all times material hereto, Defendant, THE UNITED STATES OF AMERICA,

owned, operated, and/or controlled the USNS HENSON. At all relevant times it was feasible for Defendant to provide to Plaintiff, and said Defendant owed to Plaintiff, duties to provide, a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. Defendant, THE UNITED STATES OF AMERICA, breached said duty of care by failing to provide any and/or all of these particulars or others as may be disclosed upon discovery hereafter. On or about February 10-12, 2019, Defendant, THE UNITED STATES OF AMERICA, was careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

   a. The vessel had an incompetent Master and/or crew;
   b. The vessel lacked sufficient crewmembers to perform the tasks at hand;
   c. The dry storeroom was cluttered and in an unreasonably dangerous condition;
   d. The deck plates on the floor of the dry storeroom constituted a hazard;
   e. The vessel lacked adequate tools and equipment for Plaintiff to perform his duties; and,
   f. Other unseaworthy conditions as proven at time of trial.

22. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, THE UNITED STATES OF AMERICA, is liable to Plaintiff in damages.

## VII.
## ALTERNATIVE CAUSE OF ACTION AGAINST DEFENDANT, OCEAN SHIPHOLDINGS, INC.

23. IN THE ALTERNATIVE, and should it be determined that Plaintiff's claims are not governed by the Suits in Admiralty Act, 46 U.S.C. §§ 30901 et seq., and/or the Public Vessels Act, 46 U.S.C. §§ 31101 et seq., Plaintiff brings this cause of action against Defendant, OCEAN SHIPHOLDINGS, INC.

24. This cause of action, plead in the alternative, is asserted against Defendant, OCEAN

SHIPHOLDINGS, INC., and is maintained under the Jones Act, 46 U.S.C. §§ 30104, et seq., as well as the General Maritime Law of the United States of America.

25. On or about February 10-12, 2019, Defendant, OCEAN SHIPHOLDINGS, INC., was negligent, and said negligence was a proximate cause of Plaintiff's injuries. Plaintiff contends that on the occasion in question, Defendant, acting through its officers, agents, servants and/or employees, was negligent and its vessel, the USNS HENSON, was unseaworthy in the following respects:

   a. Defendant failed to provide a safe place to work;
   b. The vessel was short-staffed and lacked adequate crewmembers to perform the tasks at hand;
   c. Defendant should not have ordered the dry storeroom to be cleaned out while the vessel was underway;
   d. Defendant failed to provide adequate assistance to the Plaintiff;
   e. Defendant failed to inspect and maintain the dry storeroom in a safe and uncluttered condition;
   f. Defendant failed to inspect and adequately maintain the deck plates in the floor of the dry storeroom in safe condition;
   g. Defendant lacked safe policies and practices for the tasks at hand;
   h. Defendant failed to plan and execute a proper and safe procedure to perform the task at hand;
   i. Defendant and/or its agents failed to properly supervise the operations at hand;
   j. Defendant failed to provide the proper equipment and tools for the tasks at hand; and,
   k. Other acts of negligence as proven at time of trial.

26. On said date as a result of said occurrence, Plaintiff sustained severe and painful injuries. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the USNS HENSON, its crews and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

## VIII.
## CAUSE OF ACTION FOR MAINTENANCE AND CURE AGAINST DEFENDANT, OCEAN SHIPHOLDINGS, INC.

27. On or about February 10-12, 2019, and on other dates thereafter, and ever since, Defendant, OCEAN SHIPHOLDINGS, INC., has wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendant owes to Plaintiff. Plaintiff further alleges that it was, and still is, the duty of Defendant, OCEAN SHIPHOLDINGS, INC., as his employer, to furnish him with maintenance and cure and loss of wages.  Plaintiff further alleges that Defendant, OCEAN SHIPHOLDINGS, INC., has unreasonably, arbitrarily, willfully and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing.  As a result of said Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries, pain and suffering, and additional expenses.

28. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him.  Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

29. By reason of the foregoing premises and as a legal result thereof, Plaintiff has in

the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, OCEAN SHIPHOLDINGS, INC., is liable to Plaintiff:

   a. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
   b. Physical and emotional injury, pain and suffering;
   c. Prolongation and or aggravation of injuries;
   d. Indebtedness for health care expenses;
   e. Indebtedness for daily living expenses;
   f. Prejudgment interest; and,
   g. Attorneys' fees.

30. All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## IX.
## DAMAGES

31. As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

32. By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, THE UNITED STATES OF AMERICA and OCEAN SHIPHOLDINGS, INC., are liable to Plaintiff:

   a. Reasonable and necessary medical expenses in the past and in the future;
   b. Physical pain and suffering in the past and in the future;
   c. Mental anguish in the past and in the future;
   d. Loss of earning capacity in the past and in the future;
   e. Physical disfigurement in the past and in the future; and,
   f. Physical impairment in the past and in the future.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

X.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MATTHEW J. CURTIS, prays that this citation issue and be served upon said Defendants, THE UNITED STATES OF AMERICA and OCEAN SHIPHOLDINGS, INC., in a form and manner prescribed by law, requiring that the Defendants appear and answer herein, and that upon final hearing hereon, Plaintiff have judgment against said Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,
SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.

*/s/ Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
FED I.D. #: 8877
LAURA B. DE LA CRUZ
TBA # 24095300
FED I.D. #2850232
3200 Travis, 3rd Floor
Houston, Texas 77006
TEL: (713) 524-3500
FAX: (866) 696-5610
Mshaffer@smslegal.com
Ldelacruz@smslegal.com
ATTORNEYS FOR PLAINTIFF,
MATTHEW J. CURTIS